## Blevins v. Sorrell
*[Cite as 5 AOA 371]*

*Case No. CA89-10-060*
*Warren County, (12th)*
*Decided July 23, 1990*

*Thomas E. Eagle, Landen & Eagle, 3737 S. Dixie Highway, Franklin, Ohio 45005, for Plaintiffs-Appellants.*

*Clinton D. Boyd, 305 Savings & Loan Building, 11 S. Main Street, Middletown, Ohio 45042, for Defendants-Appellees.*

*Per Curiam.*

This cause came on to be heard upon an appeal, transcript of the docket, journal entries and original papers from the Warren County Court of Common Pleas, transcript of proceedings, briefs and oral arguments of counsel.

Now, therefore, the assignments of error having been fully considered are passed upon in conformity with App. R. 12(A) as follows:

Plaintiffs-appellants, Richard Blevins and Jennifer Blevins, appeal from a judgment by the Warren County Court of Common Pleas which found in their favor on their nuisance complaint, but awarded no damages. The judgment served to enjoin defendants-appellees, Homer E. Sorrell and Chalmers Brewer, Jr., from further creating a nuisance. In its decision, the trial court also found in favor of appellees on the Blevins' claim of invasion of privacy and infliction of emotional distress.

The facts indicate that these parties have been engaged in something of a neighborhood feud in their Middletown subdivision for some eight years. Apparently, Richard Blevins is a "tinkerer" whose specialty is lawn mower repair and car painting. The Blevins' neigh-

bors became increasingly irritated at the sound level and persistence of the noise emanating from the lawn mowers on Blevins' property. Moreover, there appeared to be an unusual number of visitors to the Blevins' home, which indicated to Sorrell and Brewer the possibility that a lawn mower and/or car repair business was being operated by Richard Blevins.

Checking with city zoning authorities, Sorrell and Brewer discovered that under certain circumstances operating a business of this kind out of one's home violates zoning regulations. However, they also learned that they needed proof of such activity before authorities could act. Sorrell and Brewer undertook to collect the required proof by commencing a surveillance scheme which apparently knew no bounds. They were seen looking at the Blevins' home through a telescope and using a camera and tripod to take photographs of activities at the Blevins' home. When Richard Blevins erected a privacy fence, Sorrell and Brewer even placed a platform ladder in a tree to gain a better vantage point.

The Blevins made several futile attempts to halt these surveillance activities. After a letter from their attorney failed to elicit the desired response, they instituted an action alleging nuisance, invasion of privacy, and negligent and intentional infliction of emotional distress. For their claimed injury, they sought $25,000 compensatory damages and $50,000 punitive damages.

The case came to trial in May 1989. At trial, numerous witnesses testified to the persistent nature of the surveillance by the appellees. In addition, the Blevins presented many exhibits documenting their costs in erecting the privacy fence and commencing the suit, and showing, through photographs, the intrusiveness of the observers.

Issuing its decision in July 1989, the trial court addressed the nuisance claim by finding for the Blevins but by merely enjoining further surveillance. The court also determined that the Blevins had not sufficiently shown that an invasion of privacy had occurred or that an infliction of emotional distress, either intentional or otherwise, had resulted.

The Blevins have timely filed the instant appeal, raising the following as error:

*Assignment of Error No. 1*
"THE TRIAL COURT ERRED IN FAILING TO MAKE AN AWARD OF DAMAGES."

*Assignment of Error No. 2*
"THE TRIAL COURT ERRED IN FINDING AGAINST THE APPELLANTS ON THE CLAIM OF INVASION OF PRIVACY."

*Assignment of Error No. 3*
"THE TRIAL COURT ERRED IN FINDING AGAINST THE APPELLANTS ON THE CLAIM OF NEGLIGENCE AND LOSS OF CONSORTIUM."

*Assignment of Error No. 4*
"THE TRIAL COURT ERRED IN DISMISSING THE APPELLANTS' CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS."

*Assignment of Error No. 5*
"THE TRIAL COURT ERRED IN ADMITTING THE APPELLEES' EVIDENCE OF AFFIRMATIVE DEFENSES."

*Assignment of Error No. 6*
"THE TRIAL COURT ERRED IN FAILING TO MAKE FINDINGS OF FACT AND CONCLUSIONS OF LAW."

In their first assignment of error, the Blevins argue that the trial court erroneously failed to award money damages in addition to ordering the surveillance operation to cease. According to the Blevins, a finding of nuisance requires a damage award, no matter how nominal.

The Blevins correctly note that a finding of nuisance will permit recovery for inconvenience or annoyance caused by the maintenance of the nuisance. *Frey v. Queen City Paper Co.* (1946), 79 Ohio App. 64, 69. However, the award of money damages does not inevitably follow a finding of nuisance and, like all damage awards, is discretionary with the trier of fact. See *Rautsaw v. Clark* (1985), 22 Ohio App. 3d 20, 21 (the amount of annoyance resulting in actual damage is a question of degree and must be left to the discretion of the trier of fact); *Neyer v. U.S.* (C.A.6 1988), 845 F.2d 641, 644.

Because the Blevins essentially assert that the trial court abused its discretion in not awarding damages based on the evidence before it, the Blevins actually contend the manifest weight of the evidence failed to support a finding of no damages. However, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St. 3d 77, 80; *C. E. Morris Co. v. Foley*

*Construction Co.* (1978), 54 Ohio St. 2d 279, 280. Although evidence was presented indicating that the Blevins sustained some costs in erecting the privacy fence and in litigating the dispute, there was no medical evidence presented' to support their claims of emotional distress and discomfort or loss of consortium. The trial court was within its discretion in failing to find that the evidence supported a monetary damage award. The first assignment of error is overruled.

The Blevins' second assignment raises issue with the trial court's failure to find that the conduct of the defendants constituted an invasion of privacy. The invasion of one's right of privacy is defined as "the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." *Prince v. St. Francis-St. George Hosp., Inc.* (1985), 20 Ohio App. 3d 4, 7, citing *McCormick v. Haley* (1973), 37 Ohio App. 2d 73, 77.

The trial court determined that Sorrell and Brewer had "a qualified privilege to inspect the otherwise publicly visible activities of Richard Blevins to attempt to ascertain whether or not he was in fact violating the local zoning ordinance." The court concluded that "none of defendant's conduct was done with malice or fraud," nor was the conduct "done in bad faith or in reckless disregard of plaintiff's rights."

The Blevins argue that because the trial court found that the conduct of Sorrell and Brewer had constituted a nuisance, the trial court was also obligated to find such conduct was an invasion of privacy and award damages accordingly. We disagree. Keeping in mind the definition of invasion of privacy -- activity which outrages, causes mental suffering, shame or humiliation --we cannot say the trial court abused its discretion in determining that the Blevins' inconvenience and annoyance had reached the severe degree necessary for a finding of invasion of privacy. We thus overrule the second assignment of error.

We must also reject the Blevins' third assignment of error, in which they assert that the trial court should have found that the evidence supported a claim for negligent infliction of emotional distress.

The Ohio Supreme Court first recognized a cause of action for negligent infliction of emotional distress in *Paugh v. Hanks* (1983), 6 Ohio St. 3d 72, in which it held that recovery may be had where serious emotional distress results from the negligence of another. *Id.* at 78. The court defined "serious" as going "beyond trifling mental disturbance, mere upset or hurt feelings" to describe "emotional injury which is both severe and debilitating." *Id.* The trial court in the instant case was well within its discretion in finding that Richard and Jennifer Blevins had not sustained severe and debilitating emotional injury of the type described in *Paugh.*

We therefore also reject the argument that loss of consortium damages were required, since a claim for loss of consortium is a derivative action and relies upon the viability of the primary action. *Messmore v. Monarch Machine Tool Co.* (1983), 11 Ohio App. 3d 67, 68-69. The third assignment of error is overruled.

The Blevins' fourth assignment of error, alleging the trial court should have found intentional infliction of emotional distress, fails for similar reasons. Intentional infliction of emotional distress occurs where "one who by extreme and outrageous conduct intentionally or recklessly causes serious emotional distress." *Yeager v. Local Union 20* (1983), 6 Ohio St. 3d 369, syllabus. Once again, we believe the trial court could reasonably have found that serious emotional distress did not occur in the instant case. Moreover, the court could reasonably have found Sorrell and Brewer did not engage in conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* at 375. The trial court did not need to make such a finding to enjoin the neighbors' activity as being a nuisance, and so the mere finding of nuisance does not automatically precede an action for intentional infliction of emotional distress. We overrule the Blevins' fourth assignment.

For their fifth assignment, the Blevins argue the trial court improperly admitted affirmative defenses by Sorrell and Brewer which had not been presented in the pleadings. Specifically, the Blevins allege that because Sorrell and Brewer did not assert that they had a "qualified privilege" to observe and record activity on the Blevins' property in their answer, they waived any opportunity to

present this defense at trial and thus the trial court erred in admitting it.

We hold that the trial court did not err in this respect. While Civ. R. 8(C) does require that affirmative defenses be set forth in the pleadings, Civ. R. 12(H), amended in 1983, provides that a party waives the opportunity to raise only the defenses listed in Civ. R. 12(B) (1) to (7). *Hoover v. Sumlin* (1984), 12 Ohio St. 3d 1, 4. Therefore, the failure to plead an affirmative defense of the type listed in Civ. R. 8(C) only results in waiver where the affirmative defense is not tried with the express or implied consent of the parties and/or where prejudice to the opposing party results. *Id.* at 5; *Millar v. Bowman* (1983), 13 Ohio App. 3d 204, 206.

Although the Blevins did object to the presentation of the defense at trial, thus registering their lack of consent to its introduction, we fail to see how prejudice resulted from the raising of the defense, since both a summary judgment motion by the defendant parties and a pre-trial brief by the blevins addressed the issue of whether Sorrell and Brewer had qualified privilege to observe activities on the Blevins' property. Thus, since the Blevins clearly had notice of the affirmative defense, it was not error to admit evidence of such defense at trial. We overrule the Blevins' fifth assignment of error.

Finally, we overrule the Blevins' sixth assignment of error, which asserts that the trial court failed to make findings of fact and conclusions of law in compliance with Civ. R. 52.

The last paragraph of Civ. R. 52 provides as follows:

"An opinion or memorandum of decision filed in the action prior to judgment entry and containing findings of fact and conclusions of law stated separately shall be sufficient to satisfy the requirements of this rule and Rule 41(B)(2)."

The purpose behind requiring the trial court to comply with requests for specific findings under the rule is threefold: it aids the appellate court in its review of the trial court's decision, it clarifies the issue for potential *res judicata* and estoppel application; and it ensures care in the preparation of the trial court's final judgment. *In re Adoption of Gibson* (1986), 23 Ohio St. 3d 170, 174, Douglas, J., dissenting in part and concurring in part. A trial court ruling which recites various facts

and a legal conclusion satisfies the requirements of Civ. R. 52 where, when considered in conjunction with other parts of the trial record, an adequate basis exists upon which the appellate court may conduct its review. *Stone v. Davis* (1981), 66 Ohio St. 2d 74, 85.

In the instant case, the trial court wrote a six-page decision in which it addressed each of the issues raised by the Blevins at trial and made various factual findings with regard to the conduct of the parties leading up to the litigation. The court also made various conclusions of law, namely that the Blevins were entitled to prevail on their nuisance claim but would not receive damages, and that on their other claims, they were not entitled to prevail. We believe the decision of the trial court more than adequately explained its reasoning and the basis there-fore. We therefore find no error and overrule the Blevins' sixth assignment.

Based upon these considerations, we overrule the Blevins' assignments of error and thus affirm the decision of the trial court.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Warren County Court of Common Pleas, for execution upon this judgment.

Costs to be taxed in compliance with App. R. 24.

And the court being of the opinion that there were reasonable grounds for this appeal, allows no penalty.

To all of which the appellants, by their counsel, except.

YOUNG, P.J., HENDRICKSON and KOEHLER, J.J., concur.