OPINION
Plaintiff-appellant, Telmark, Inc., appeals from a decision of the Madison County Court of Common Pleas that did not award damages for breach of a lease and guaranty by defendants-appellees, Todd and Marcia Liff. We affirm in part and reverse in part.
On April 29, 1994, Todd entered into an agreement to lease a "John Deere 7000 no-til planter" from Telmark. Marcia executed a written guaranty of Todd's obligations under the lease. The lease provided for a term of five years and payments totalling $19,200. Specifically, Todd was obligated to make a down payment of $1,920, another payment of $1,920 in December 1994, and then payments of $3,840 in December 1995, 1996, 1997, and 1998.
Todd made the down payment and made a single payment of $1,920 in April 1995. However, Todd failed to make any subsequent payments, and Telmark repossessed the planter on January 17, 1996. On March 12, 1996, Telmark gave notice to the Liffs that the planter would be sold on or after March 22, 1996.
On March 11, 1997, Telmark filed a complaint for breach of the lease and breach of the guaranty. The complaint alleged that Todd and Marcia were liable to Telmark for $14,762.12 in damages plus costs and attorney fees. On April 15, 1997, the Liffs filed an answer denying the damages alleged by Telmark.
On July 10, 1997, Telmark filed a motion for summary judgment. In the motion, Telmark claimed that the Liffs were liable for $14,762.12 in damages which "was calculated by taking the accelerated balance due under the lease, adding thereto fees and expenses to which Telmark is entitled under the Lease, and then reducing that figure by an eight percent factor for present value purposes." In addition, Telmark claimed that the Liffs were liable for late charges, repossession expenses and attorney fees.
On August 1, 1997, the Liffs filed a memorandum contra to Telmark's motion for summary judgment. The Liffs argued that Telmark failed to produce sufficient evidence of their claimed damages. The Liffs argued that genuine issues of material fact concerning the damages claimed by Telmark precluded summary judgment and required a trial.
On August 19, 1997, the trial court overruled Telmark's motion for summary judgment in a single-sentence decision. A bench trial was subsequently held on December 17, 1997. At trial, a collections manager for Telmark testified that Telmark's damages had increased to $16,763.26 since the filing of the complaint. The collections manager explained that the damages increased because the due dates for further lease payments had expired thereby reducing the present value discount and increasing penalties for late payments.
Upon cross-examination, the collections manager was questioned about Telmark's efforts to mitigate damages by reselling or releasing the planter. Telmark's attorney objected and argued that the Liffs had waived the affirmative defense of failure to mitigate damages because it was not pled in the answer. The trial court overruled the objection. The collections manager then testified that although the planter had been offered for sale at Anderson Equipment for $8,000 since March 1996, Telmark had failed to resell or re-lease the planter.
On December 29, 1997, the Liffs filed a motion to amend their answer, pursuant to Civ.R. 15(B), to add mitigation of damages as an affirmative defense. The trial court also issued a decision on December 29, 1997. The trial court ordered the amendment of the Liff's answer to include mitigation of damages as an affirmative defense. The trial court further found that Telmark failed to mitigate damage because the planter was not re-leased or resold within a reasonable period of time. The trial court then concluded that Telmark was not entitled to recover attorney fees or any damages for breach of the lease and guaranty because it was Telmark's "burden to establish damages" and "due to [Telmark's] failure to present evidence of mitigation or evidence of why it reasonably failed to mitigate, there is a failure of proof." Telmark timely appealed and assigns three assignments of error for our review:
Assignment of Error No. 1:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING TELMARK'S MOTION FOR SUMMARY JUDGMENT WHERE THE APPELLEES FAILED TO SUBMIT AFFIDAVITS OR OTHER MATERIAL PERMITTED BY CIV.R. 56(C) IN RESPONSE TO THE EVIDENCE PRESENTED BY TELMARK.
Assignment of Error No. 2:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY PERMITTING APPELLEES TO AMEND THEIR ANSWERS POST TRIAL BY ARGUING FOR THE FIRST TIME AT TRIAL THAT TELMARK FAILED TO MITIGATE ITS DAMAGES.
Assignment of Error No. 3:
 THE TRIAL COURT'S JUDGMENT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE SINCE THERE EXISTS NO COMPETENT AND CREDIBLE EVIDENCE TO SUPPORT THE JUDGMENT.
In the first assignment of error, Telmark argues that the trial court erred by failing to grant Telmark's motion for summary judgment. Summary judgment is appropriate where (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds construing the evidence in the light most favorable to the nonmoving party could reach but one conclusion which is adverse to the nonmoving party. Civ.R. 56(C); Welco Ind., Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344, 346. The moving party bears the initial burden of demonstrating that no genuine issues of material fact exist. Vahila v. Hall (1997),77 Ohio St.3d 421, 429-30; Dresher v. Burt (1996), 75 Ohio St.3d 280,292-293. If the moving party fails to satisfy this burden, the motion for summary judgment must be denied. Id.
Telmark argues that summary judgment should have been granted because the Liffs failed to file affidavits or other material permitted by Civ.R. 56(C) in response to Telmark's motion for summary judgment. Telmark, therefore, argues that no issues of material fact existed. However, Telmark's motion for summary judgment and the supporting evidentiary material were insufficient to demonstrate that no genuine issue of material fact existed as to the damages claimed by Telmark. See Borg Warner Leasing Co. v. Barnes (June 5, 1989), Adams App. No. 472, unreported. For instance, although Telmark claimed that it was entitled to damages for late charges, repossession expenses and attorney fees, Telmark failed to submit evidentiary material in support of these damages. Accordingly, since Telmark failed to satisfy its initial burden of demonstrating that no genuine issues of material fact existed, the trial court properly denied Telmark's motion for summary judgment. Telmark's first assignment of error is overruled.
In the second assignment of error, Telmark argues that the trial court erred by permitting the Liffs to amend their answer after trial to include the affirmative defense of failure to mitigate damages. The decision whether to grant leave to amend pleadings rests within the sound discretion of a trial court. McSweeney v. Jackson (1996), 117 Ohio App.3d 623, 629. Therefore, an appellate court will not reverse a trial court's decision absent an abuse of discretion. Id. An abuse of discretion implies that the trial court's decision is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
It is well-established that failure to mitigate damages is an affirmative defense. Young v. Frank's Nursery Crafts, Inc. (1991), 58 Ohio St.3d 242, 244. Affirmative defenses, other than those specified in Civ.R. 12(B), are waived if not raised in a pleading, pursuant to Civ.R. 8(C), or an amended pleading, pursuant to Civ.R. 15. Jim's Steak House, Inc. v. Cleveland (1998), 81 Ohio St.3d 18, 20. Civ.R. 15(B) allows for the amendment of pleadings to conform to evidence presented at trial and provides:
 When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Failure to amend as provided herein does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.
Thus, a trial court may allow a party to amend pleadings in order to add an affirmative defense raised by the evidence at trial where the affirmative defense is tried with the express or implied consent of the parties and/or where the other party will not be unfairly prejudiced. See McCabe/Marra Co. v. Dover (1995),100 Ohio App.3d 139, 148, discretionary appeal not allowed (1995), 72 Ohio St.3d 1529; Blevins v. Sorrell (1990), 68 Ohio App.3d 665,671-672.
In the present case, the trial court did not act unreasonably, arbitrarily or unconscionably by allowing the Liffs to amend their answer to include the affirmative defense of failure to mitigate damages. Telmark objected at trial to evidence concerning mitigation on the grounds that it was not pled by the Liffs in their answer. Thus, mitigation of damages was not tried with the express or implied consent of Telmark. Nonetheless, Telmark did not argue or provide any evidence to the trial court which showed that it would be unfairly prejudiced by the admission of evidence concerning mitigation.
Telmark's contention on appeal that prejudice resulted from a lack of notice is also unpersuasive. In the Liffs' reply to Telmark's motion for summary judgment, the issue of mitigation was expressly raised as an issue that precluded summary judgment and needed to be determined at trial. Therefore, even though the Liffs' amended answer was filed after trial, the Liffs' reply to Telmark's motion for summary judgment provided notice of the affirmative defense. See Blevins at 671-672; Smith Realty Co. v. McIlvaine (Nov. 1, 1996), Montgomery App. No. 15889, unreported. Accordingly, we conclude that the trial court did not abuse its discretion by allowing the Liffs to amend their answer pursuant to Civ.R. 15(B) and Telmark's second assignment of error is overruled.
In the third assignment of error, Telmark argues that the trial court's decision is against the manifest weight of the evidence. Telmark argues that the evidence is undisputed that the Liffs are liable for damages in the amount of $16,763.26 along with reasonable attorney fees, repossession expenses and costs for the sale of the planter. Telmark, therefore, asserts that the trial court erred by not awarding damages and attorney fees.
In the civil context, a judgment will not be reversed by a reviewing court as being against the weight of the evidence if it is supported by some competent, credible evidence. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80; C. E. Morris Co. v. Folly Constr. Co. (1978), 54 Ohio St.2d 279. Further, a reviewing court must give deference to a trial court's findings since the trial judge is in the best position to weigh evidence and assess witness credibility. Id.
In the present case, Section 15 of the lease governs Telmark's rights and remedies upon default. The lease contains an acceleration clause which provides that Telmark can declare the entire amount of all rental payments due and payable discounted to its present value, at the rate of eight percent per annum. In addition, the lease provides that the Liffs are liable for late charges, attorney fees and repossession expenses. Finally, the lease provides that Telmark can repossess the planter and re-lease or resell the planter to a third party and "[i]n the event [Telmark] relets the repossessed [planter] or sells such [planter], then [Telmark] shall credit the value received from reletting or sale, less expenses incurred in connection with such disposition, to the unpaid balance of rental due and to come due hereunder."
Acceleration clauses in leases have generally been upheld as long as the lease also requires the lessor to mitigate damages. See Master Lease of Ohio, Inc. v. Andrews (1984), 20 Ohio App.3d 217; Tokai Financial Services, Inc. v. Mathews, Fallovic, Granito Co. (Nov. 24, 1995), Lake App. No. 95-L-098, unreported. The Eighth District Court of Appeals explained:
 Where the parties agree to a provision which calls for acceleration of all rents and repossession upon default, such provision will be enforced where it requires the lessor to either resell or relet the [equipment] in mitigation of lessee's deficiency. Absent a damage provision that bears a reasonable relationship to the actual damages incurred by the lessor, provisions that call for repossession plus acceleration of all unaccrued rents under the lease will not be enforced.
Frank Nero Auto Lease v. Townsend (1979), 64 Ohio App.2d 65, 71. In Townsend, the lease was contrary to public policy because it allowed the lessor to re-lease or resell the repossessed property without crediting the amount due under the acceleration clause. Id.
In the present case, the lease contained a provision that required Telmark to mitigate damages and credit the Liffs for any value received by re-leasing or reselling the planter. However, the record reveals that Telmark failed to re-lease or resell the planter even though it had been repossessed nearly two years before trial. Thus, Telmark, like the lessor in Townsend, improperly sought a judgment for the entire amount due under the acceleration clause, $16,763.26, without any credit for the repossessed equipment. Accordingly, the record contains competent and credible evidence that Telmark was not entitled to a judgment for the full amount due under the acceleration clause because of a failure to mitigate damages.
The trial court concluded that Telmark was not entitled to any damages for the breach of the lease and guaranty due to the failure to mitigate. However, where a plaintiff fails to mitigate, the plaintiff is only precluded from recovering damages that could have been avoided by mitigation. ABB, Inc. v. Banfi Products, Inc. (1991), 71 Ohio App.3d 650; Tokai Financial Services, Inc., Lake App. No. 95-L-098, unreported, at 8.
The undisputed evidence in the record indicates that Telmark could have avoided $8,000 in damages by mitigation. The collections manager for Telmark testified that the estimated value of the planter after being repossessed was $8,000 and this was the price for which it was offered for sale at Anderson Equipment. The Liffs did not offer any evidence disputing or challenging the value placed on the planter. Likewise, the Liffs did not offer any evidence to challenge Telmark's calculation that the full amount due under the acceleration clause was $16,763.26. In fact, Todd acknowledged that the accelerated amount was $16,763.26. Since the undisputed evidence in the record shows that the full amount due under the acceleration clause amounted to $16,763.26 and that Telmark could have avoided $8,000 in damages by mitigation, Telmark was entitled to an award of damages for $8,763.26. Accordingly, the trial court's decision failing to award any damages was against the manifest weight of the evidence.
Telmark also argues that they are entitled to attorney fees, repossession expenses and costs for the sale of the planter. However, the provision in the lease for attorney fees is not enforceable. Telmark, Inc. v. Schierloh (1995), 102 Ohio App.3d 801,807; Telmark, Inc. v. P.J.T. Inc. (Mar. 2, 1993), Gallia App. No. 92CA17, unreported. Further, the record does not contain competent and credible evidence to support an award of repossession expenses, or costs for a sale that has not yet occurred. Accordingly, the trial court did not err by refusing to award attorney fees, repossession expenses and costs for the sale of the planter.
Based upon the foregoing, we sustain Telmark's third assignment of error to the extent that the trial court failed to award any damages for breach of the lease and guaranty. The decision of the trial court is affirmed in part, reversed in part and judgment is granted in favor of Telmark in the amount of $8,763.26 pursuant to App.R. 12(B).
Judgment affirmed in part and reversed in part.
YOUNG, P.J., and KOEHLER, J., concur.