OPINION
Defendant-appellant Steven Tyson appeals from a judgment rendered against him and in favor of plaintiff-appellee Laurel Vogel for reimbursement of loans she made to him, and for indemnification of Vogel on any claims by third-party creditors. Tyson contends that the trial court erred by rendering judgment in favor of Vogel because her claims are barred by the Statute of Frauds. In the alternative, he contends that any contract to reimburse Vogel was not supported by appropriate consideration, and thus, unenforceable. Finally, he contends that the amount of the judgment is not supported by the evidence.
We conclude that the Statute of Frauds is not applicable to this case. We further find that Tyson has waived the claim of lack of consideration. Finally, we conclude that the trial court erred in determining the amount of the judgment to be awarded. Therefore, the judgment of the trial court is Modified with respect to the amount of the money damages, as set forth in this opinion, and the judgment is Affirmed as modified.
 I
In the early 1990's, Laural Vogel and Steven Tyson developed a relationship in which Vogel assisted Tyson with his finances. During the relationship, Tyson did not have a good credit history, did not handle his financial affairs well, and was not able to obtain credit on his own. Therefore, as a favor, Vogel made payments on debts incurred by Tyson, helped Tyson make timely payments on his obligations, assisted him with his bookkeeping and aided him in obtaining credit by opening up joint credit accounts. These actions were taken with the understanding that Tyson would reimburse Vogel for any loans made to him and for expenditures made on his behalf.
Tyson did reimburse Vogel for some of the expenditures she made on his behalf. However, significant sums of money were not repaid, and the relationship between Tyson and Vogel became strained.
Vogel filed a complaint against Tyson on April 23, 1996, seeking money damages. The matter was tried before a magistrate, who awarded Vogel the sum of $15,551.66. Vogel filed objections to the magistrate's decision, which were sustained by the trial court.
The trial court entered judgment for Vogel in the sum of $30,590.68. This amount consisted of the following: (1) $25,565.56 for payments made by Vogel on Tyson's obligations; (2) $14,394.14 for checks written on Tyson's behalf; (3) $6,326 for cash loans made by Vogel to Tyson; (4) $602.52 for finance charges incurred by Vogel on behalf of Tyson; and (5) $42.36 for a cell phone obtained by Vogel for Tyson's benefit.[1] The trial court also ordered Tyson to indemnify Vogel against creditors' claims in regard to the credit accounts established by Vogel for Tyson's benefit.
Tyson appeals from the judgment of the trial court.
 II
Tyson's First Assignment of Error states as follows:
 AN AGREEMENT HOLDING DEFENDANT LIABLE TO PAY THE DEBTS OF PLAINTIFF TO A THIRD PARTY MUST BE IN WRITING TO BE ENFORCEABLE.
Tyson contends that Vogel's claims against him are barred by R.C. 1335.05 [Statute of Frauds] because there is no writing evidencing his obligation to pay any of the claimed debts.
As a threshold matter, Vogel claims that Tyson has waived this argument because he failed to plead the Statute of Frauds as an affirmative defense in his answer to the complaint. However, a review of the complaint reveals that Tyson did raise this defense in his answer. Vogel also contends that Tyson failed to object to the Magistrate's Decision and therefore is precluded, pursuant to Civ.R. 53(E)3)(b), from pursuing this matter on appeal. This argument must also fail because it ignores the fact that the trial court did not adopt the magistrate's decision, but entered its own judgment; a judgment that is not subject to Civ.R. 53. Taylor was not required to object to the magistrate's decision, because it was superseded by the judgment of the trial court, which did not adopt the magistrate's decision.
We find R.C. 1335.05, the Statute of Frauds, inapplicable to this case. That statute provides, in pertinent part, as follows:
 No action shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt, * * * of another person; * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith * * *.
This is not an action by a creditor against an alleged guarantor of the debtor's indebtedness. It is immaterial how Vogel acquired the money she loaned to Tyson — whether she borrowed it, withdrew it from her savings, or obtained it from cash advances on credit cards. When she made the money available to Tyson upon the understanding that it would be repaid, Tyson acquired a direct obligation to Vogel. It was not an assumption by Tyson of a debt that Vogel owed to another. The contract is original and operated directly between Vogel and Tyson; therefore, it is not within the Statute of Frauds.
Tyson's First Assignment of Error is overruled.
 III
Tyson's Second Assignment of Error states:
 AN AGREEMENT HOLDING DEFENDANT LIABLE TO PLAINTIFF IS VOID AND UNENFORCIBLE [SIC] IF THERE IS LACKING CONSIDERATION FOR THE AGREEMENT.
Tyson contends that because Vogel's claim sounds in contract, she is required to show that there was sufficient consideration to support the alleged contract. He contends that she failed to do so and that the trial court, therefore, erred by enforcing the contract.
Failure of consideration is an affirmative defense. Civ.R. 8(C). Tyson failed to raise this defense in any pleading. Moreover, a review of the record reveals that the defense was not expressly or implicitly raised at trial. Therefore, the matter is deemed waived on appeal. Blevins v. Sorrell (1990), 68 Ohio App.3d 665,671-672.
Tyson's Second Assignment of Error is overruled.
 IV
Tyson's Third Assignment of Error provides as follows:
 THE JUDGMENT AWARDED PLAINTIFF BY THE TRIAL COURT WAS EXCESSSIVE [SIC] AND NOT SUPPORTED BY THE FACTS.
In his Third Assignment of Error, Tyson appears to argue that the trial court's decision to increase the amount of the judgment from the amount awarded by the magistrate is not supported by the evidence.
"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Construction Co.
(1978), 54 Ohio St.2d 279, 280. In reviewing the claim, an appellate court must be guided by a presumption that the findings of the trier of fact were correct. Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77.
As previously noted, the trial court, in its judgment, specifically enumerated each item comprising its award of damages. We have reviewed the record and find that each item is supported by adequate evidence. Vogel established proof on each item of the damage award. She also specifically testified that Tyson had only repaid $16,339.90 to her. The evidence also established that the trial court properly required Tyson to indemnify Vogel on several credit accounts.
However, we note that the trial court failed to provided for a credit of $2,042.46 in Tyson's favor in its calculations.[2]
Vogel makes reference to this credit in her memorandum supporting her objections to the magistrate's decision. The credit is also mentioned at trial during a discussion of Vogel's exhibits. The discussion of the credit at the trial and in the memorandum indicate that the credit should have been subtracted from the amount of the trial court's judgment. Therefore, the amount of the judgment should be reduced to $28,548.22.
Tyson's Third Assignment of Error is sustained.
 V
Tyson's Third Assignment of Error having been sustained, and his other assignments of error having been overruled, the judgment of the trial court is Modified by reducing the amount of the judgment from $30,590.68 to $28,548.22. As modified, the judgment of the trial court is Affirmed.
 _________________ FAIN, J.
GRADY, P.J., and BROGAN, J., concur.
[1] Vogel's evidence established that Tyson had made payments to her in the sum of $16,339.90. In calculating the judgment, the trial court properly subtracted this amount from the aforementioned items of damage.
[2] The credit occurred when Vogel agreed to reduce the amount of Tyson's debt to her in exchange for his promise to assume responsibility of several credit card obligations that were actually incurred on his behalf.