[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Appellants, Darell and Sharon Hamilton, appeal from the judgment of the Ashtabula County Court of Common Pleas finding in favor of appellee, Pittsburgh Mellon Trust.
On June 1, 1998, appellants entered into a written lease agreement with Gary Harris ("Harris"), a building manager for the Pittsburgh Mellon Trust, regarding property located in Ashtabula, Ohio, known as the Carlisle Building. Pursuant to this written agreement, appellee leased appellants living space and business space in the Carlisle Building. In exchange, appellants agreed to pay appellee $600 per month in rent, obtain insurance, rent spaces in the Carlisle Building to antique dealers, and rent rooms to people fifty-five years of age or older. Under the agreement, appellants would receive a small percentage of the business and residential rentals, to wit: five percent from the antique dealers and ten percent from the room rentals. Additionally, appellants were obligated to collect all rent money and deposit it, less their percentage, in the trust's checking account.
In September 1999, appellee brought an eviction against appellants. Appellants filed a mechanic's lien, seeking compensation for their labor and expenses regarding repairs to the building. Subsequently, appellee brought a civil suit alleging breach of contract and conversion.
On September 18, 2000, the court filed a judgment entry ordering that "[a]ll documents and exhibits must be marked for identification purposes and shared with opposing counsel at least one (1) day prior to trial. Failure to do so may result in said documents and exhibits not being admitted into evidence."
A bench trial was held, on February 15, 2001. At the trial, Michael Kotula ("Kotula"), the current building manager for the trust, attested that Harris was the previous building manager for the trust. After Harris was incarcerated on another matter, Kotula replaced Harris as manager. Kotula had been through the Carlisle Building before appellants moved in, and thus, was familiar with its condition at that time. Kotula attested that the appellants had not paid any rent. Although there was no physical damage to the building, Kotula attested that appellants had left a great deal of trash in the building, which would require removal.
On cross-examination, appellants' counsel inquired whether the parties had executed a subsequent contract. When Kotula answered in the negative, appellants' counsel attempted to have him identify a document alleged to be a second contract. Upon appellee's objection, the court refused to allow Kotula to testify regarding the document because it had not been provided to appellee's counsel prior to the trial, as required by the court's September 18, 2000 order.
Darell Hamilton testified that he entered into an agreement with Harris, individually. Although Mr. Hamilton admitted that he signed the original lease, he stated that Harris later added many of the terms, without his approval. Mr. Hamilton also attested that he typed a subsequent contract, which Harris signed, but the court refused to permit appellants to admit it into evidence on the day of trial.
Mr. Hamilton contended that, pursuant to the second written agreement, appellants were to be reimbursed by appellee for any expenses they incurred in excess of the rentals they owed to appellee. Mr. Hamilton attested that he and his wife invested two to three hundred hours of labor in improving the building, having a value of $66,800.
Sharon Hamilton attested that she and her husband performed approximately $66,000 worth of labor. Mrs. Hamilton admitted signing the original lease; however, she attested that none of the handwritten terms were on the contract at the time she signed. She testified that George Csepegi, another trust agent, told her and her husband to save all receipts for their labor and expenses.
On February 23, 2001, the trial court entered judgment in favor of appellee and against appellants in the amount of $18,756 and discharged the mechanic's lien filed by appellants.
From this judgment, appellants raise the following assignment of error:
 "[1.] The trial court committed plain error to the detriment of Appellants in failing to note: (1) the fact that the agreement between Appellants and Appellee was induced by fraud and tainted by fraud in the factum; (2) that there was a lack of privity between Appellants and Appellee and therefore Appellee should not have been allowed to enforce the contract; (3) that Appellee was not bound by the contract, as its agent had signed without mentioning and/or disclosing Appellee; and (4) that the contract was the product of unilateral mistake, and in failing to void the contract and dismiss Appellants.
In appellants' sole assignment of error, they claim that the trial court committed plain error. The crux of appellants' assignment of error is fraud. Essentially, appellants argue that the trial court should have realized that the contract was induced by fraud and tainted by fraud in the factum because they thought they were contracting only with Harris, who, they allege, fraudulently inserted handwritten portions of the contract, including appellee's identity, without their consent. Because appellee's identity was inserted by hand without their knowledge or consent, appellants argue: there is a lack of privity between the parties; appellee is not bound to the contract because appellee was an undisclosed principal; and, the contract was the product of a unilateral mistake, and thus, should have been voided.
At the outset, we note that affirmative defenses, other than those listed in Civ.R. 12(B), are waived if not raised in the pleadings or in an amendment to the pleadings. Civ.R. 8; Civ.R. 15. Jim's Steak House,Inc. v. Cleveland, 81 Ohio St.3d 18, 20, 1998-Ohio-440. Fraud is an affirmative defense. Civ.R. 8(C). Appellants failed to raise this defense in any pleading or at trial; therefore, the defense is deemed waived on appeal. Blevins v. Sorrell (1990), 68 Ohio App.3d 665. Accordingly, appellants have waived all but plain error.
Further, it is well settled that "contracts are to be interpreted so as to carry out the intent of the parties, as that intent is evidenced by the contractual language." Skivolocki v. E. Ohio Gas Co. (1974),38 Ohio St.2d 244, paragraph one of the syllabus. "Where there is a conflict between any of the printed provisions of a contract and those inserted in writing at the time the contract is executed the latter will control." Farmers' Natl. Bank v. Delaware Ins. Co. (1911), 83 Ohio St. 309, paragraph one of the syllabus. Because provisions inserted in writing are controlling when in conflict with printed provisions, we conclude that the written identification of appellee is controlling.
"In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss v. Davidson,79 Ohio St.3d 116, 1997-Ohio-401, syllabus.
In this case, the trial court's failure to recognize the affirmative defense of fraud, which had not been pleaded, does not rise to the level of the extremely rare case that is so serious as to undermine public confidence in the legal system. While appellants may believe that they have suffered a miscarriage of justice, it is well established that failure to follow procedural rules, such as affirmatively setting forth the defense of fraud, in a pleading, can result in a forfeiture of rights. Goldfuss, at 121. Although appellants assert that they were prejudiced by their trial counsel's failure to produce a copy of the second agreement prior to the date of trial, "an unsuccessful civil litigant may not obtain a new trial based upon the bare assertion that his or her attorney was ineffective." Id at 122. "If an attorney's representation has fallen below professional standard, remedies are available in a malpractice action." Id. Thus, appellants' sole assignment of error lacks merit.
Based on the foregoing, the judgment of the Ashtabula County Court of Common Pleas is hereby affirmed.
WILLIAM M. O'NEILL, P.J., DIANE V. GRENDELL, J., concur.