[Cite as *Shury v. Greenaway*, 2014-Ohio-1629.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 100344

---

## DONALD P. SHURY

PLAINTIFF-APPELLANT

vs.

## PATRICIA ALLEN GREENAWAY

DEFENDANT-APPELLEE

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-794684

**BEFORE:** McCormack, J., Jones, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** April 17, 2014

**ATTORNEYS FOR APPELLANT**

Scott H. Schooler
George L. Forbes
Forbes, Fields & Associates
700 Rockefeller Building
614 West Superior Avenue
Cleveland, OH 44113


**ATTORNEY FOR APPELLEE**

James E. Nagy
19120 Old Detroit Road
Suite 7
Rocky River, OH 44116

TIM McCORMACK, J.:

{¶1} Donald Shury filed a complaint in 2012 alleging his former girlfriend, Patricia Allen Greenaway, failed to compensate him for funds he expended on her behalf between 2002 and 2006, when they resided together. The Cuyahoga County Court of Common Pleas granted summary judgment in Greenaway's favor, on the ground that Shury's claims were time barred. We agree with the trial court that Shury's complaint was filed untimely. However, Greenaway failed to raise the affirmative defense of the statute of limitations in her answer and, therefore, waived that defense. Consequently, we are constrained to reverse the judgment of the trial court.

## Substantive Facts and Procedural History

{¶2} Shury and Greenaway cohabitated from 2002 to March 2006 at Shury's home in Cleveland. During the time, Greenaway owned a house in Lakewood and Shury paid for the costs of labors and materials of several home improvement projects for the Lakewood house. The house was rented, and the rental payments were used to pay for its mortgage. The couple broke up in March 2006.

{¶3} Six years later, in June 2012, Shury filed a complaint against Greenaway, alleging breach of oral contract, unjust enrichment, and fraud.[1] Shury alleged he paid for

---

[1] Due to Shury's counsel not appearing at a case management conference, the trial court dismissed the complaint without prejudice, and Shury refiled the complaint in October 31, 2012. "When a complaint is refiled under the saving statute, the case relates back to the date of the original complaint for purposes of satisfying any statute of limitations problems." *Merino v. Salem Hunting Club*, 7th Dist. Columbiana No. 11CO2, 2012-Ohio-4553, ¶ 13. Shury did not state in his refiled complaint that the complaint was refiled under the saving statute, therefore, for purposes of the statute of limitations, the filing date is October 31, 2012.

the repairs for the driveway, foundation, bathroom, and the alarm system of the Lakewood house, and also provided Greenaway with two automobiles, as well as "thousands of dollars" in cash, "thousands of dollars" in room and board, and "thousands of dollars" in clothing and other goods for her and her child. Shury alleged all the funds were provided by him to Greenaway with the understanding by the two of them that he would be reimbursed by her.

{¶4} In response, Greenaway filed a "Motion to Dismiss or Alternatively Motion for a Definite Statement" pursuant to Civ.R. 12(B) and (E). In the motion, Greenaway asserted that Shury failed to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6), and that the claims were barred by the statute of limitations; Greenaway requested, in the alternative, that plaintiff be ordered to file an amended complaint.

{¶5} The trial court issued a journal entry, stating that Greenaway's motion "is granted in part. Plaintiff to file a more definite statement." In response, Shury filed an amended complaint. He specified that it was in 2003 that he provided the funds for the various home repair projects and the automobiles; that cash of $10,000 was provided between 2002 to 2006. He also alleged the total funds owed by Greenaway was $31,000. In addition, Shury alleged that the parties made new, separate oral agreements on three different occasions for Greenaway to pay him the funds: On September 28, 2008, October 6, 2009, and November 13, 2009, he gave Greenaway silverware, place settings,

furniture, and other household items in exchange for her "continued agreement" to compensate him.

{¶6} Greenaway filed an answer to the amended complaint. She raised an assortment of affirmative defenses, claiming that Shury's complaint failed to state a claim upon which relief may be granted, failed under the doctrines of estoppel, latches, and unclean hands, that Shury failed to mitigate his damages, and that his claims are barred by res judicta and claim preclusion.[2] She did not, however, raise the statute-of-limitations defense in her answer.

{¶7} Thereafter, Greenaway filed a trial brief. She denied the existence of any agreement requiring her to reimburse Shury, and asserted his claims were time barred. In response, Shury filed a "motion in limine prohibiting any statute of limitation defense," on the ground that Greenaway failed to properly assert that defense in her answer. The trial court denied Shury's motion and issued a journal entry stating "leave to file summary judgment is granted as to the issue of the statute of limitations only," although no such leave was requested by either party.

{¶8} In her motion for summary judgment, Greenaway argued the causes of action accrued when the funds were provided by Shury but were not reimbursed, i.e., by March 2006, when the parties ceased to cohabitate; therefore, Shury's October 2012 complaint was time barred. In his response opposing summary judgment, Shury argued

---

[2]Apparently Greenaway had filed a replevin action against Shury in Cleveland Municipal Court requesting Shury return various household items to her.

that the new agreements in 2008 and 2009 created separate oral contracts — the consideration being the additional household items he gave to her on each occasion — and therefore, the statute of limitations did not begin to run until 2008–2009.

{¶9}   To prove the existence of the 2008–2009 agreements, Shury attached his own affidavit, which stated that on September 28, 2008, October 6, 2009, and November 13, 2009, he met with Greenaway and, in exchange for silverware, place settings, furniture, and other household items, she orally agreed to compensate him for the funds he provided during the time they cohabitated.[3]

{¶10} The trial court granted summary judgment in favor of Greenaway, holding that Shury's claims were time barred, on the ground that the statute of limitations for his claims expired before he filed the complaint in 2012.

{¶11} Shury now appeals and raises three assignment of error.   They state:

1.  The trial court erred in granting summary judgment in favor of defendant-appellee Patricia Allen Greenaway because defendant-appellee Greenaway failed to raise the statute of limitations as an affirmative defense in its answer.

2.  The trial court erred when it unilaterally granted leave to file a motion for summary judgment on the issue of statute of limitations.   The trial court does not have the authority to raise an affirmative defense on its own since defendant appellee Greenaway failed to do so herself.

---

[3]In addition to his own affidavit, Shury also submitted affidavits by Steven Hrusovsky and Anna Kucirek.   It is unclear who these individuals are, but they provided identical affidavits, stating that on those three occasions, they witnessed Shury giving various household items to Greenaway and heard Greenaway agreeing to pay Shury for the funds he had provided her.

3. The trial court erred in granting summary judgment in favor of defendant-appellee Patricia Allen Greenaway. There are genuine issues of material fact as to whether plaintiff-appellant Donald P. Shury's claims are barred by the applicable statutes of limitations.

We address the first and third assignments of error together.

{¶12} An appellate court reviews summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriate where it appears that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co., Inc*., 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978); Civ.R. 56(C).

## Statute of Limitations

{¶13} R.C. 2305.07 provides a six-year statute of limitations for a breach-of-oral-contracts claim. The cause of action of such a claim accrues when the plaintiff "discovers the failure to perform as agreed in an oral contract." *Dandrew v. Silver*, 8th Dist. Cuyahoga No. 86089, 2005-Ohio-6355, ¶ 15, citing *Aluminum Line Prods. Co. v. Brad Smith Roofing Co., Inc.*, 109 Ohio App.3d 246, 671 N.E.2d 1343 (8th Dist.1996). *See also Kotyk v. Rebovich*, 87 Ohio App.3d 116, 621 N.E.2d 897 (8th Dist.1993) (a cause of action on an oral contract accrues when the omission to perform as agreed is discovered).

**{¶14}** R.C. 2305.07 also provides a six-year statute of limitations for a claim of unjust enrichment. A cause of action for unjust enrichment accrues "from the date that money is retained under circumstances where it would be unjust to do so." *Palm Beach Co. v. Dun & Bradstreet*, 106 Ohio App.3d 167, 175 665 N.E.2d 718 (1st Dist.1995). A cause of action for fraud has a four-year statute of limitations, R.C. 2305.09(C), and the claim accrues when the fraud and wrongdoer are discovered. *Collins v. Sotka*, 81 Ohio St.3d 506, 515, 692 N.E.2d 581 (1998).

**{¶15}** A reading of Shury's (amended) complaint shows he alleged he provided the funds for various purposes to Greenaway during the time they cohabitated from 2002 to 2006, under an agreement that he would be reimbursed by Greenaway, but Greenaway never fulfilled her obligation to compensate him. All the funds were provided in 2003, with the exception of $10,000 in cash, which Shury alleged was given to Greenaway "between 2002 and 2006." As such, all three alleged causes of action accrued, at the latest, in March 2006, when the relationship was ended; by that time, even if all the allegations were true, Shury would have been aware that Greenaway would not honor the purported agreement to reimburse him, wrongfully retained the money, and/or perpetrated a fraud on him.

**{¶16}** On appeal, Shury argues that the 2008–2009 agreements were three new, separate contracts and that Greenaway's failure to pay under those contracts gave rise to the causes of action in this case and, therefore, his 2012 complaint was well within the statutory time.

{¶17} Shury essentially argues that the agreements he sought to enforce in this action are the 2008–2009 agreements, not the agreement formed in the 2002-2006 period. This claim is incongruous because there is *only one* purported debt owed in this case (in the amount of $31,000) and the debt was incurred and remained unpaid during 2002 to 2006, when the parties cohabitated. In other words, the various causes of action stemming from the alleged $31,000 debt accrued, at the latest, in March 2006, when the couple parted ways. The alleged new agreements do nothing to change the fact that the statutory time for any claims stemming from Greenaway's failure to pay the $31,000 "debt" began to run in 2006, when Shury would have been well aware that Greenaway would not honor the alleged promise to pay. As such, Shury's claims were time barred.

{¶18} Greenaway, though, waived the statute-of-limitations defense. Although she raised the defense in her Civ.R. 12(B) motion, she failed, glaringly, to raise it in her answer, as she was required to under the rules of pleading, by which this appeal is determined.

{¶19} Civ.R. 8(C) ("Affirmative defenses") provides for how affirmative defenses, such as the statute of limitations, is to be raised. The rule states that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively * * * statute of limitations * * * and any other matter constituting an * * * affirmative defense."

{¶20} Pursuant to the rule, an affirmative defense such as the statute of limitations must be raised in a "pleading." A "pleading," as defined in Civ.R. 7(A), does not include a motion to dismiss. *See, e.g.*, *Cashelmara Villas Partnership v. Dibenedetto*, 87 Ohio

App.3d 809, 815, 623 N.E.2d 213 (8th Dist.1993) (a motion to dismiss is not a pleading pursuant to Civ.R. 7(A)).

{¶21} For that reason, the Supreme Court of Ohio has held that "[a]ffirmative defenses other that those listed in Civ.R. 12(B) are waived if not raised in the pleadings or in an amendment to the pleadings." *Jim's Steak House, Inc. v. Cleveland*, 81 Ohio St.3d 18, 20, 688 N.E.2d 506 (1998), citing Civ.R. 8 and 15. Because the statute of limitations is not one of the defenses listed in Civ.R 12(B), it is waived if not properly raised in a pleading. *See Zindroski v. Parma City School Dist. Bd. of Edn.*, 8th Dist. Cuyahoga No. 93583, 2010-Ohio-3188, ¶ 18 (the defense of statute of limitations is an affirmative defense that must be raised in a responsive pleading under Civ.R. 8(C), or it will be considered waived); *BP Communications Alaska, Inc. v. Cent. Collection Agency*, 136 Ohio App.3d 807, 812, 737 N.E.2d 1050 (8th Dist.2000).

{¶22} Thus, Greenaway's assertion of the statute-of-limitations defense in a Civ.R. 12(B) motion to dismiss does not relieve her of the requirement imposed by the civil rules to raise that defense in a "pleading." Her failure to raise the statute of limitations in her answer fatally waived that defense. Therefore, the trial court improperly granted summary judgment in her favor.[4]

---

[4] Because we reverse the trial court's judgment based on our determination that the defendant-appellee waived the-statute-of-limitations defense, we decline to address the issue raised in the second assignment of error regarding whether the trial court erred in *sua sponte* granting leave to file a motion for summary judgment.

**{¶23}** Judgment reversed, and matter remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

LARRY A. JONES, SR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR