[Cite as *Hubbard v. Charter One Bank*, 2017-Ohio-1033.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104146**

# LARRIE HUBBARD, ET AL.

PLAINTIFFS-APPELLANTS

vs.

# CHARTER ONE BANK, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-833721

**BEFORE:** Celebrezze, J., Keough, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** March 23, 2017

**ATTORNEY FOR APPELLANT**

Jason Ralls
The Shaker W. Professional Building
11811 Shaker Blvd., Suite 420
Cleveland, Ohio 44120


**ATTORNEYS FOR APPELLEE**

William Joseph Baker
John J. Roszczyk
100 Park Place
Chagrin Falls, Ohio 44022

Kerin Lyn Kaminski
Melissa A. Laubenthal
Kathleen A. Nitschke
Lauren C. Tompkins
Giffen & Kaminski, L.L.C.
1300 East Ninth Street, Suite 1600
Cleveland, Ohio 44114

**Also Listed**

**For Laticia Hubbard**

Jason Ralls
The Shaker W. Professional Building
11811 Shaker Blvd., Suite 420
Cleveland, Ohio 44120

FRANK D. CELEBREZZE, JR., J.:

**{¶1}** Appellant, Larrie Hubbard,[1] appeals the grant of summary judgment in favor of appellee, Charter One Bank, n.k.a. Citizens Bank, N.A. ("Charter One"). Larrie argues that the trial court erred in granting summary judgment based on the grounds of statute of limitations when that affirmative defense was not raised in the answer to the complaint, and when no affirmative evidence of the statute of limitations was produced. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

**{¶2}** Laticia Hubbard, Larrie's daughter, owned a number of homes that she held as rental properties. She began to acquire these investment properties in 2004, and leading up to 2008, she bought as many as nine properties. However, in late 2007 to early 2008, the adjustable rates on the various loans on those properties were set to increase, the housing market experienced a serious decline, and she was experiencing financial difficulty. Laticia and her father sought help from a credit repair specialist, Peru Barber, referred to them by an employee at Charter One, Elizabeth

---

[1] Larrie's wife, Gwendolyn Hubbard, and their daughter, Laticia Hubbard, joined in the appellate brief, but they were not included in the notice of appeal, and are therefore, not parties to this appeal. *See* App.R. 3(D). However, because the causes of actions are so intertwined with each other, the decision in this appeal applies to them equally. *Wigton v. Lavender*, 9 Ohio St.3d 40, 42, 457 N.E.2d 1172 (1984), quoting 5B Corpus Juris Secundum 516, Section 1952 (1958) ("'A reversal is binding on the parties to the suit, but does not inure to the benefit of parties who did not join in the appeal, unless their rights and liabilities and those of the parties appealing are so interwoven and dependent as to be inseparable.'").

Dillow. How they came to rely on Barber's services and whether those services were negligent or fraudulent is the subject of this lawsuit.

**{¶3}** In November 2007, Larrie, and later Laticia, approached Charter One in an effort to obtain a loan to allow Laticia to avoid foreclosure suits filed or about to be filed by several banks, for capital to fix up some of the properties so they could be rented, or to refinance all of Laticia's properties with a single lender to reduce payments and interest rates. Larrie approached Dillow, a Charter One employee, seeking the above financing options. Dillow sent Larrie and Laticia to a loan representative at Charter One through which they applied for loans. After being turned down, Dillow recommended that Laticia take steps to better qualify for a loan. Dillow recommended that Laticia contact Barber, a credit repair specialist for help. According to their deposition testimony, Larrie and Laticia assumed that Barber was a Charter One employee.

**{¶4}** Laticia and Larrie met with Barber a few times at restaurants or other non-Charter One locations. During these meetings Barber advised Laticia that most people established corporations to hold title to rental property so that their personal credit is not impacted. Barber recommended setting up a corporation to take ownership of the properties in an effort to limit Laticia's personal liability. Under the plan, Laticia would also need to find a person with a high credit rating to associate with the company to make it more favorable to lenders. According to Laticia, Barber told her that they would also need to repair her credit by obtaining a "CPN number" and then attempt to renegotiate the

loans on the properties. Laticia also stated that Barber advised her to stop making payments on her debts, including the rental properties.

{¶5} Larrie stated that he made two payments to Barber through Dillow, the first between $10,000 and $15,000, and the second between $5,000 and $6,000. Laticia also paid Barber $3,000 to supply her with a corporation. Those payments made by Larrie were withdrawn directly from his account and deposited in Barber's account at Charter One with Dillow's assistance.

{¶6} The Hubbards asserted that Barber did not do anything for the money they paid. In early 2008, banks began to file foreclosure actions against Laticia, and she lost most of her properties.

{¶7} Larrie, Gwendolyn, and Laticia filed a complaint on October 2, 2014, asserting causes of action against Charter One, Dillow, and Barber. Charter One responded with a motion to dismiss rather than an answer. Therein, it asserted that all of the claims against it were barred by the applicable statute of limitations. It further asserted that each claim failed on the merits. No response was filed by the Hubbards, and the court granted the motion on November 25, 2014.

{¶8} The Hubbards filed a motion for reconsideration and for default judgment against other defendants on February 5, 2015. Charter One filed a brief in opposition to the motion for reconsideration. The trial court, on March 16, 2015, denied the motion. After the court asked for briefing about the statute of limitations related to the remaining

defendants and considered that briefing, the court vacated its earlier dismissal on June 30, 2015.

**{¶9}** On July 29, 2015, Charter One filed an answer wherein it did not raise a statute of limitations defense, but reserved the right to raise other defenses. Charter One filed a motion for summary judgment. The Hubbards responded in opposition. The court granted Charter One's motion for summary judgment on January 22, 2016. In a written opinion, the court found that the Hubbards' claims were barred by the applicable statute of limitations and that the discovery rule and the savings statute did not apply. While the litigation commenced against Charter One, the trial court found that the Hubbards did not obtain proper service on Dillow and Barber. The court eventually found that no case was commenced against them as a result of a failure to obtain service within one year, and removed the remainder of the case from its active docket.

**{¶10}** Larrie then filed the instant appeal, assigning three errors for review:

I. The trial court erred in granting summary judgment in favor of [Charter One] because [Charter One] failed to raise the statute of limitations as an affirmative defense in their answer.

II. The trial court erred in sua sponte granting summary judgment in favor of [Charter One] on grounds which the moving party waived, and submitted no arguments or Civ.R. 56(C) evidence in support of the court's dismissal.

III. The trial court abused its discretion in denying the appellant's motion for default judgment and violated their rights to due process of law.

## II. Law and Analysis

### A. Notice of Appeal

**{¶11}** Before addressing the appellant's assignments of error, this court must address Charter One's argument that the appeal should be dismissed. Charter One asserts that Larrie failed to include with his notice of appeal a copy of the journal entry granting summary judgment in favor of Charter One. According to App.R. 3(D), the decision being appealed must be designated in the notice of appeal, and Loc.App.R. 3(B) requires attachment of that entry to the notice. This court has determined, en banc, that this court has discretion to entertain an appeal that does not comply with these rules. *Midland Funding L.L.C. v. Hottenroth*, 2014-Ohio-5680, 26 N.E.3d 269, ¶ 3 (8th Dist.). The purpose of these rules is to appropriately notify other parties to the appeal of its scope.

**{¶12}** Here, Larrie indicated in the docketing statement, included with his notice of appeal, that he was appealing the trial court's summary judgment decision as well as the decision finding that Barber and Dillow were not properly served. However, Larrie did not attach the summary judgment decision to his notice of appeal. Instead, he attached the order striking his motion for summary judgment because it was not filed in accordance with the trial court's schedule. Therefore, Charter One was aware that Larrie was appealing the summary judgment decision through the docketing statement as it was designated therein, even though it was not designated in the notice of appeal or attached thereto. In this case, this court chooses to exercise its discretion to entertain Larrie's assignments of error related to summary judgment because the matters have been fully briefed by both parties and some notice was provided through the docketing statement.

## B. Waiver of Defenses

{¶13} Larrie argues that Charter One did not appropriately raise an affirmative defense of the expiration of the statute of limitations, and therefore waived it. He goes on to assert that the trial court erred in granting summary judgment on a waived defense.

{¶14} Civ.R. 8(C) provides in part, "[i]n pleading to a preceding pleading, a party shall set forth affirmatively * * * statute of limitations * * * and any other matter constituting an avoidance or affirmative defense." The rule is designed to provide notice of the defense to the plaintiff to have a fair adjudication of the action by avoiding surprise. Comment to Civ.R. 8(C).

{¶15} In a Civ.R. 12(B) motion filed prior to filing an answer, Charter One argued that the applicable statute of limitations barred recovery. This court has previously held that this is insufficient to prevent waiver of a defense not raised in a pleading. *Shury v. Greenaway*, 8th Dist. Cuyahoga No. 100344, 2014-Ohio-1629. There, this court reasoned that a Civ.R. 12(B) motion was not a pleading because it was not defined as such in the Civil Rules. *Shury* at ¶ 22. We went on to hold that the failure to raise the defense of statute of limitations in a pleading, regardless of whether it was raised in a motion to dismiss, waived the defense. *Id*. *Contra Blevins v. Sorrell*, 68 Ohio App.3d 665, 671-672, 589 N.E.2d 438 (12th Dist.1990). The *Shury* court reversed the grant of summary judgment finding the statute of limitations defense had been waived. *Id*.

{¶16} The present situation is directly analogous, and leads this court to the conclusion that the trial court erred in granting summary judgment based on the

expiration of the statute of limitations. However, that does not resolve the appeal. Charter One moved for summary judgment on several grounds, and as discussed below, is entitled to judgment as a matter of law.

## C. Summary Judgment

{¶17} Summary judgment under Civ.R. 56 provides for the expedited adjudication of matters where there is no material fact in dispute to be determined at trial. To obtain summary judgment, the moving party must show that "(1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party." *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996), citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219, 631 N.E.2d 150 (1994).

{¶18} The moving party has the initial responsibility of establishing its entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). "[I]f the moving party meets this burden, summary judgment is appropriate only if the nonmoving party fails to establish the existence of a genuine issue of material fact." *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 16, citing *Dresher* at 293.

{¶19} Once a moving party demonstrates no material issue of fact exists for trial and the party is entitled to judgment, it is the nonmoving party's duty to come forth with

argument and evidence that demonstrates a material issue of fact does exist that would preclude judgment as a matter of law. *Id.*

**{¶20}** Larrie asserts a confusing argument that the court sua sponte raised the statute of limitations issue. The court did not. Charter One argued the defense in its motion for summary judgment. However, in light of this court's holding above, Larrie is correct that the court erred in granting summary judgment based on the statute of limitations. However, Charter One moved for summary judgment on other grounds as well. Charter One argued that the statute of limitations precluded recovery, but it also argued that the claims asserted by the Hubbards failed on the merits.

> We are permitted to affirm a judgment based on incorrect reasoning if the judgment is legally correct on other grounds. *Reynolds v. Budzik* (1999), 134 Ohio App.3d 844, 846, n.3, 732 N.E.2d 485. This approach is based on the fact that error is not prejudicial when a court "'achieves the right result for the wrong reason.'" *State v. Hutchinson* (Mar. 10, 2000), Montgomery App. No. 17852, 2000 Ohio App. LEXIS 894, 2000 WL 262650, 2 (citation omitted).

*GZK, Inc. v. Schumaker*, 2d Dist. Montgomery No. 22172, 2008-Ohio-1980, ¶ 129. *See also Watch Tower Bible & Tract Soc. of Pennsylvania v. Fifth Third Bank*, 8th Dist. Cuyahoga No. 96403, 2011-Ohio-5180 (Keough, J., dissenting).

**{¶21}** In the complaint, the Hubbards alleged causes of action for consumer fraud, negligence, and breach of fiduciary duty. The fraud claim is argued as a claim under

Ohio's Consumer Sales Practices Act ("CSPA"), R.C. Chapter 1345, in the Hubbards' motion opposing Charter One's motion for summary judgment and the Hubbards' own summary judgment motion. If the claim that Barber was represented to be a Charter One employee is correct, then the transaction at issue is not a consumer transaction under the CSPA. Transactions with a financial institution, defined in R.C. 5725.01(A), are exempt from the definition of a consumer transactions, except for limited circumstances. R.C. 1345.01(A) sets forth that transactions with financial institutions are not consumer transaction "except for transactions involving a loan made pursuant to sections 1321.35 to 1321.48 of the Revised Code and transactions in connection with residential mortgages between loan officers, mortgage brokers, or nonbank mortgage lenders and their customers[.]" R.C. 1345.01(A). Here, Larrie has not argued that Dillow or Barber were mortgage brokers or loan officers. Larrie did speak with a loan officer at Charter One, but has not alleged any impropriety in connection with that transaction where Larrie and Laticia were turned down for loans. Further, the complaint failed to allege violations of the CSPA relating to a home mortgage transaction. It only alleged violations related to credit repair services. Larrie and Laticia both testified that after the credit repair services were completed, they would then meet with a loan officer at Charter One and reapply for loans. That did not occur. Therefore, Larrie's claim for violation of the CSPA asserted against Charter One fails as a matter of law, and Charter One was entitled to summary judgment.

{¶22} If, on the other hand, Barber was not represented to be an employee of Charter One, then Charter One has no liability for her actions and any alleged violation of the CSPA. In either case, the claim asserted against Charter One for violations of the CSPA fails as a matter of law.

{¶23} The Hubbards also asserted claims for breach of fiduciary duty and negligence. These claims all rely on assertions that Barber was represented to be a Charter One employee. However, Larrie did not produce any evidence to support this necessary element for recovery for negligence and breach of fiduciary duty. Larrie and Laticia acknowledged in their depositions that Barber was not represented to be a Charter One employee. Both acknowledged that it was their belief that she was a Charter One employee and that this belief was based on assumption rather than affirmative representations.

{¶24} Generally, an employer is responsible for the acts of its employees within the course and scope of employment through the doctrine of respondeat superior. *Councell v. Douglas*, 163 Ohio St. 292, 295, 126 N.E.2d 597 (1955). That liability does not extend beyond an employee. For instance, it does not extend to independent contractors. *Clark v. Southview Hosp. & Family Health Ctr.*, 68 Ohio St.3d 435, 438, 628 N.E.2d 46 (1994), citing *Councell*. In their complaint, the Hubbards asserted that defendants collectively failed to process loan applications, credit repair applications, and form a corporation. However, the deposition testimony makes clear that these actions were all alleged to have been done by Barber. Therefore, Larrie is left to show that

Charter One is liable through agency principles or negligent supervision or hiring. "In order to establish a claim under the doctrine of respondeat superior, it must be demonstrated that a principal-agent relationship existed, and that tortious conduct was committed by the agent while in the scope of his agency." *Hanson v. Kynast*, 24 Ohio St.3d 171, 173, 494 N.E.2d 1091 (1986), fn. 4, citing *Baird v. Sickler*, 69 Ohio St.2d 652, 433 N.E.2d 593 (1982).

{¶25} "An agency relationship is created 'if, but only if, there is an understanding between the parties which, as interpreted by the court, creates a fiduciary relation in which the fiduciary is subject to the directions of the one on whose account he acts.'" *Id.* at 178, quoting Restatement of the Law 2d, Agency, Section 1, Comment b (1958).

{¶26} Here, Barber was not held out as an employee of Charter One. Larrie and Laticia both admitted that it was their assumption that Barber was a Charter One employee. Barber did not use any document, business card, or invoice indicating an affiliation with Charter One. Further, the Hubbards admitted that Barber never indicated an affiliation with Charter One. Charter One has come forward with evidence of a lack of liability for the actions of Barber. In response, Larrie has not produced any evidence to establish that a material question of fact remains for trial. Therefore, Charter One is entitled to summary judgment, albeit for different reasons than those relied on by the trial court.

### D. Proper Evidence

**{¶27}** Larrie also argues that the trial court relied on evidence that was improperly submitted by Charter One.

**{¶28}** Civ.R. 56(C) provides for a limited scope of evidence that may be considered on summary judgment: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact * * *." The rule goes on to state, "[n]o evidence or stipulation may be considered except as stated in this rule."

**{¶29}** Larrie complains that Charter One attached unauthenticated emails, court filings, and other evidence to its motion for summary judgment that should not have been considered by the trial court. However, deposition testimony was used to authenticate each piece of evidence attached to Charter One's motion for summary judgment. Laticia, during her deposition, authenticated every item attached to Charter One's motion. Therefore, the trial court did not consider improper evidence as alleged.

**{¶30}** The trial court properly found that Charter One was entitled to judgment as a matter of law based on arguments that were properly supported by evidence. Larrie's second assignment of error is overruled.

### E. Default Judgment

**{¶31}** Larrie also claims the court erred when it denied the Hubbards' motions for default judgment against Barber and Dillow. He claims they obtained service on Barber and Dillow, and the court erred when it determined otherwise.

**{¶32}** The trial court issued an order on August 31, 2015, that notified the Hubbards that their attempts to serve Barber and Dillow at a Charter One business address did not constitute proper service. The court provided them with an opportunity to properly serve Barber and Dillow and then would allow them to refile their motion for default. It appears from the record that the Hubbards did not attempt to serve them after the court's order. Instead, they filed the same motion they previously filed seeking default judgment, again claiming that Barber and Dillow were served at a Charter One address on October 4, 2014. This occurred despite the fact that the court issued a journal entry quashing that service.

**{¶33}** Civ.R. 4 provides for the method of service of a complaint. It states in part "[u]pon the filing of the complaint the clerk shall forthwith issue a summons for service upon each defendant listed in the caption." Civ.R. 4(A). "A trial court lacks such jurisdiction if effective service of process has not been made on the defendant and the defendant has not voluntarily appeared in the case or waived service." *Erin Capital Mgt. L.L.C. v. Fournier*, 10th Dist. Franklin No. 11AP-483, 2012-Ohio-939, ¶ 16, citing *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 553 N.E.2d 650 (1990), paragraph one of the syllabus.

**{¶34}** In the present case, the Hubbards instructed the clerk to serve Dillow and Barber at Charter One's business address. Certified mail service was inadvertently accepted by someone at that address, and Charter One notified the court of the error. The court then quashed service. Following the court's ruling, no other attempts at service

through the clerk's office appear on the docket. Therefore, the Hubbards did not properly attempt to serve Dillow or Barber.

**{¶35}** Larrie's assertion that the Hubbards obtained proper service of process is incorrect. The Hubbards never attempted certified mail service of these defendants at another address.

> A failure of service of process, despite compliance with the civil rules, exists in two different scenarios. First, service is not accomplished if the plaintiff fails to direct the summons and complaint to the defendant's residence or to an address where the plaintiff could reasonably expect that the summons and complaint would be delivered to the defendant. *Grant v. Ivy* (1980), 69 Ohio App.2d 40, 42, 429 N.E.2d 1188. *See also Cent. Ohio Sheet Metal, Inc. v. Walker*, 10th Dist. No. 03AP-951, 2004-Ohio-2816, ¶ 10 ("The rebuttable presumption of proper service * * * may be rebutted by evidence that [the defendant] never resided nor received mail at the address to which such ordinary mail service was addressed."). Second, service fails where the defendant does not receive the summons and complaint, even though the plaintiff complied with the civil rules and service was made at an address where the plaintiff could reasonably anticipate that the defendant would receive it. *Rafalski v. Oates* (1984), 17 Ohio App.3d 65, 66-67, 477 N.E.2d 1212.

*Erin Capital Mgt.* at ¶ 19.

{¶36} Here, serving Barber and Dillow at a Charter One address was not reasonably calculated to reach either individual. According to information obtained in discovery and before, the Hubbards were aware that Barber was not officially an employee of Charter One, contrary to the claims in their complaint. Further, Dillow was no longer employed by Charter One at the time of the filing of the complaint. Even if Barber and Dillow were at some point in the past employees, Charter One provided notice that they were not employees at the time the complaint was filed. The Hubbards did not properly attempt service at residential addresses or other addresses that were reasonably calculated to apprise Dillow and Barber of the action. Therefore, the court did not err in quashing service.

{¶37} Larrie asserts that the Hubbards did serve these two defendants at their residential addresses and provided proof of that service to the court at a default hearing. He goes on to claim the court erred when it did not record the hearing or issue a journal entry at the appropriate time. These matters that allegedly occurred outside the record presently before this court do not establish any error below. The Hubbards were required to initiate service in compliance with Civ.R. 4 and failed to do so. If they had, the clerk's office would have docketed such service and there would be no ambiguity in what occurred below.

{¶38} The Hubbards never obtained valid service on Dillow and Barber. Therefore, the court did not err in denying their motion for default judgment, and in

dismissing the action as to these defendants where service was not perfected within one year.   Larrie's third assignment of error is overruled.

## III.   Conclusion

**{¶39}** The Hubbards' claims against Charter One were not barred by the applicable statute of limitations where that defense was waived when it was not raised in a pleading. However, summary judgment was still appropriate as to the claims against Charter One because there was no agency relationship between Barber and Charter One.   Charter One is not liable for Barber's actions.   The trial court also properly considered evidence submitted by Charter One that was authenticated through deposition testimony.   Finally, the Hubbards never obtained proper service on Dillow or Barber, and therefore, the court did not err in denying their motion for default judgment.

**{¶40}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

KATHLEEN ANN KEOUGH, A.J., CONCURS;

MARY EILEEN KILBANE, J., DISSENTS (WITH SEPARATE OPINION ATTACHED)

MARY EILEEN KILBANE, J., DISSENTING:

{¶41} I respectfully dissent. The trial court granted summary judgment to Charter One solely for the reason that it found the claims were barred by the statute of limitations. I agree with the majority's analysis that the trial court erred in granting summary judgment based on the statute of limitations. However, I do not join the majority in affirming the trial court's summary judgment order on the merits of the Hubbards' claims that were not addressed by the trial court.

{¶42} I believe that the record contains genuine issues of material fact regarding the Hubbards' claims against Charter One. Dillow, a Charter One employee, provided the Hubbards with Barber's name, indicating it was a service the bank had for nontraditional loans. Reasonable minds could conclude that Charter One was liable under the doctrine of respondeat superior if Charter One held Barber out as being an employee. Although there was no express agency in this case, Charter One could still be liable under the theory of apparent agency or the doctrine of agency by estoppel. *See Mtge. Electronic Registration Sys. v. Mosley,* 8th Dist. Cuyahoga No. 93170, 2010-Ohio-2886, ¶ 41-44. An employer can be held vicariously liable under the apparent agency or agency by estoppel theories based on the representations or manifestations of the employer. *Id.*

{¶43} I find that the alleged actions of Dillow, in the course and scope of her employment with Charter One, could be construed as representing Barber as a Charter

One agent or employee. Whether the Hubbards reasonably believed that Barber was an agent of Charter One is an issue of fact to be resolved by the trier of fact. For purposes of summary judgment, the evidence must be construed in favor of the nonmoving party. For these reasons, I would remand the case to the trial court for further proceedings.