[Cite as *Toledo v. Heron Arizona Fund 1, L.L.C.*, 2024-Ohio-1510.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

City of Toledo

    Appellee

v.

Heron Arizona Fund 1, LLC, et al.

    Defendants

[Michael Irschick – Appellant]

Court of Appeals No.  L-23-1057

Trial Court No.  CVH-22-12616

**DECISION AND JUDGMENT**

Decided: April 19, 2024

* * * * *

Dale R. Emch, Law Director, Jeffrey B. Charles, and
Tammy Lavalette, for appellee.

Joseph Sobecki, for appellant.

* * * * *

**SULEK, P.J.**

{¶ 1} Appellant, Michael Irschick, appeals the February 9, 2023 judgment of the Toledo Municipal Court granting default judgment in favor of appellee, city of Toledo, on its complaint for declaratory and injunctive relief.  For the reasons set forth below, the trial court's judgment is affirmed.

# I. Facts and Procedural History

{¶ 2} On September 30, 2022, the city filed a complaint in the Toledo Municipal Court's Housing Division for declaratory judgment, and preliminary and permanent injunctions naming, residential property owners and 29 unnamed (John and Jane Doe) tenants. The complaint alleged that the property owners were violating Toledo Municipal Code ("TMC") zoning ordinance 1104.0107 by renting three single-family residences in RS zoned residential districts to more than three individuals not constituting "traditional and/or functional families" as defined under TMC 1104.1102. Irschick, along with Marticorena Rocio, who is not a party to this appeal, were the alleged owners of a single-family residence on Middlesex Drive, in Toledo, which they rented to "John Doe Residents 11-20." Irschick and Rocio reside at the same address in El Dorado Hills, California.

{¶ 3} The complaint stated that the continued use of the properties in violation of the zoning ordinance was causing and would continue to cause "great or irreparable injury" to the city and that it is entitled to a preliminary or permanent injunction enjoining such use. The complaint further requested a declaration under R.C. Chapter 2721, that the defendants were in violation of the relevant zoning ordinances and that they be ordered to cease and refrain from "ever again renting property zoned RS in the City of Toledo to or by more than three individuals who do not constitute traditional and/or functional families as defined under the ordinances of the City of Toledo."

{¶ 4} After attempting certified mail service, on December 1, 2022, the city filed a motion to appoint a California process server.  On December 15, 2022, the trial court granted the city's motion.  On December 16, 2022, the city filed praecipes for service requesting that the court issue a summons to Irschick and Rocio at their California residence.  The January 4, 2023 notice of service on Irschick and Rocio, reflected the December 28, 2022 personal service of the parties.

{¶ 5} The court further stated: "[I]f plaintiffs wish to pursue individual persons, plaintiff must amend and file each individual.  Court does not accept 'residents 1-10 or 11-20.'" The John and Joe Doe defendants were never personally identified and no praecipes for service were ever filed.

{¶ 6} On January 27 2023, the city filed a motion for default judgment against property owners Irschick, Rocio, and Heron Arizona Fund 1, LLC.  As to Irschick, the city stated that in contravention of Civ.R. 12(A)(1), he failed to file an answer or otherwise plead in response the complaint.  The city further stated that it had no contact with the defendants at issue.  It did, however, attach correspondence with counsel for Oxford House, Inc., in connection with Irschick's property.[1]  Responding to the notice of violation and citing the Fair Housing Act, counsel for Oxford House claimed that the property at issue was being used as a residence for persons in recovery from alcoholism and substance abuse and requested a waiver of the unrelated persons limitation.  Counsel

---

[1]Oxford House is not a named defendant in this action; it is unclear from the record how they received notice of the action.

3.

further claimed that the residents of their houses are the "functional equivalent" of a family as all residents have access to all parts of the home and share equally in all household expenses. Counsel, though he had not appeared in the case, asked the city to hold the lawsuit in abeyance.

{¶ 7} The city's response included a request for individualized proof of the residents' impairments before it would consider whether they be designated as a household. The city requested the aid of several additional documents in determining whether the residents are living as a household under the TMC. The city indicated it would not hold the lawsuit in abeyance but that it "would stipulate to an extension of time for your client(s) to answer the Complaint" and requested that the attorney contact the city.

{¶ 8} On February 7, 2023, the trial court filed its judgment entry granting the city's motion and permanently enjoining Irschick, Rocio, and Heron Arizona Fund 1, LLC,

> from ever again renting property zoned RS in the City of Toledo to or by
> more than three individuals who do not constitute traditional and/or
> functional families as defined under the ordinances of the City of Toledo;
> and allowing for the monitoring and inspection of the aforementioned
> properties and all lease, rental, income, expense, occupancy and other
> records relating to the aforementioned properties for the purpose of
> ensuring Defendants' full future compliance with any injunction so issued.

4.

It is further declared that the current City of Toledo ordinance requiring no more than three unrelated people who do not constitute a household may rent a home in Toledo in an area designated for a single-family use be strictly enforced.

The entry was stamped as follows:

FINAL AND APPEALABLE ORDER

The Clerk is hereby directed to

serve all parties notice of the

judgment and its date of entry on

the journal.

The entry was journalized on February 9, 2023. The trial court also filed an entry on the docket vacating a damages hearing.

{¶ 9} On February 14, 2023, Irschick's counsel (not affiliated with Oxford House, Inc.) entered an appearance and filed a Civ.R. 60(B) motion for relief from judgment. Irschick argued generally that under Civ.R. 60(B)(4) and (5), the declaratory judgment requirements had not been met because over 20 individuals with an interest in the action (the tenants or residents) had not been individually named as defendants and that the court, as a municipal court, lacked jurisdiction to grant injunctions.

{¶ 10} The city opposed the motion arguing that Irschick failed to demonstrate entitlement to relief under Civ.R. 60(B). The city first argued that there was no requirement that it add the residents as parties because compliance with the ordinance

5.

rests on the property owner.  Next, citing R.C. 1901.131,[2] the city refuted the argument that the trial court lacked authority to grant injunctive relief.

{¶ 11} On March 2, 2023, the city filed a notice of dismissal of all claims against the John and Jane Doe defendants.

{¶ 12} The trial court's March 8, 2023 judgment entry denied Irschick's motion for relief from judgment.  Addressing both arguments, the trial court noted that the city filed a Civ.R. 41(A)(1) notice of dismissal as to all John and Jane Doe defendants.  The court noted Ohio precedent holding that a dismissal pursuant to Civ.R. 41(a):

> "render[s] the parties as if no suit had been ever brought, but only with respect to the parties dismissed." *Denham v. City of New Carlisle*, 86 Ohio St.3d 597, 1999 Ohio 128, 716 N.E.2d 184.  This dismissal, coupled with the fact that John and Jane Doe (former) Defendants are not tenants

---

[2]R.C. 1901.131 provides that a municipal court housing division

> has jurisdiction to determine, preserve, and enforce all rights involved in the action or proceeding, to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties, including, but not limited to, the granting of temporary restraining orders and temporary and permanent injunctions, to render personal judgment irrespective of amount in favor of any party, and to render any judgments and make any findings and orders in the same manner and to the same extent that the court of common pleas can render a judgment or make a finding or order in a similar action or proceeding.

6.

pursuant to Ohio Revised Code (ORC) 5321.01(A)[3], firmly sways the court that Defendant's argument concerning Civ.R. 60(B)(4) is not well-taken.

{¶ 13} The court further rejected the jurisdictional argument on the authority of R.C. 1901.131. The judgment entry stated: "THIS IS A FINAL AND APPEALABLE ORDER."

{¶ 14} On March 9, 2023, Irschick filed a motion for reconsideration. The next day, he filed a notice of appeal from the trial court's February 9, 2023 judgment granting the city's motion for default judgment and awarding injunctive relief. The trial court then held the ruling on the motion for reconsideration in abeyance.

## II. Assignments of Error

{¶ 15} Irschick now raises the following four assignments of error:

I. The trial court erred by granting a final judgment as to more than one but fewer than all defendants without an express determination that there was no just reason for delay.

II. A default judgment could not be entered after Irschick appeared.

III. The trial court erred by issuing an order before Irschick's reply.

IV. The trial court erred by granting a declaratory judgment before all parties with a claim or interest were named defendants.

---

[3]The city asserts that during the proceedings it determined that the residences at issue were actually leased to unincorporated associations, as to Irschick specifically, Oxford House-Eli, and that the residents were transient.

7.

## III. Analysis
### A. Final and Appealable Order

{¶ 16} Irschick's first assignment of error argues that the trial court's February 9, 2023 judgment entry granting default judgment was not a final order because the John and Jane Doe defendants remained and the trial court failed to include the necessary Civ.R. 54(B) language.

{¶ 17} Under Article IV, Section 3(B)(2) of the Ohio Constitution, this court has jurisdiction to hear appeals only from final orders. "An order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable." *Noble v. Colwell*, 44 Ohio St.3d 92 (1989), syllabus; *see also Kinzel v. Ebner*, 2020-Ohio-4165, ¶ 91 (6th Dist.).

{¶ 18} R.C. 2505.02 relevantly provides that a final order is one "that may be reviewed, affirmed, modified, or reversed, with or without retrial" and "that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment."

{¶ 19} Under Civ.R. 54(B):

> In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or

parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶ 20} On February 9, 2023, the date of the default judgment, the judgment entry was not final and appealable because claims were still pending against the John and Jane Doe defendants and the judgment lacked the necessary Civ.R. 54(B) "no just reason for delay" language. But on March 6, 2023, the city filed a Civ.R. 41(A) notice of voluntary dismissal as to the John and Jane Doe defendants.

{¶ 21} A voluntary dismissal "'without prejudice leaves the parties as if no action had been brought at all.'" *Denham v. New Carlisle*, 86 Ohio St.3d 594, 596, (1999), quoting *DeVille Photography, Inc. v. Bowers*, 169 Ohio St. 267, 272 (1959); *see also C.H. v. O'Malley*, 2019-Ohio-4382, ¶ 18. In an action involving multiple defendants, "a Civ.R. 41(A) dismissal nullifies the action only with respect to those parties dismissed from the suit." *Id.* at 597; *see also Toledo Heart Surgeons v. The Toledo Hosp.*, 2002-Ohio-3577, ¶ 33 (6th Dist.).

{¶ 22} Here, the February 9, 2023 default judgment became final and appealable on March 6, 2023, when the city voluntarily dismissed the unserved John and Jane Doe defendants. When, therefore, Irschick filed his March 10, 2023 notice of appeal, the February 9, 2023 default judgment was final and appealable as the city had dismissed the unserved, John and Jane Doe defendants. Thus, Irschick's March 10, 2023 appeal is properly before this court, and his first assignment of error is not well-taken.

9.

**B. Civ.R. 55**

{¶ 23} In his second assignment of error, Irschick contends that pursuant to Civ.R. 55(A), counsel's February 14, 2023 appearance in the action prevented the trial court from entering a final and appealable default judgment order without first conducting a hearing. The city contends that this argument is based on "flawed logic" in that it essentially prevents a trial court from granting a default judgment to less than all parties in a multi-defendant litigation.

{¶ 24} A trial court's ruling on a default judgment is reviewed for an abuse of discretion. *Wells Fargo Bank, N.A. v. Bischoff*, 2014-Ohio-967, ¶ 12 (6th Dist.), citing *Tikaradze v. Kenwood Garden Apts.*, 2012-Ohio-3735, ¶ 6 (6th Dist.). An abuse of discretion is found where the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 25} Civ.R. 55(A) entitles a party to apply for a judgment by default where the party against whom relief is sought has failed to plead or otherwise defend against the complaint. It provides that "[i]f the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application." Civ.R. 55(A). "[A]n 'appearance' is an overt action clearly expressing an intention and purpose to defend against a lawsuit." *Wells Fargo Bank, N.A. v. Myers*, 2015-Ohio-4212, ¶ 25 (6th Dist.). "A party will be said to have

10.

appeared in the action when that party clearly expresses to the opposing party an intention to defend the suit." *Id.*

{¶ 26} There are two flaws in Irschick's argument. First, he inserts "final and appealable" language into Civ.R. 55(A). As set forth above, a default judgment as to less than all the parties is not a final and appealable order; however, this has no bearing on the appearance requirement under the rule.

{¶ 27} Second, he misinterprets the rule as preventing a default judgment from being entered either before or after the subject party appears. Ohio courts have consistently held that the rule protects only those parties appearing prior to the default "because a defendant who does not appear in an action admits the allegations in a complaint [and] is not protected by the notice and hearing requirements of Civ.R. 55(A)." *Bank of Am., N.A. v. Sullivan*, 2015-Ohio-2736, ¶ 13 (3d Dist.); *Natl. Collegiate Student Loan Trust 2007-2 v. Tigner*, 2018-Ohio-4442, ¶ 14-17 (2d Dist.); *see also CitiMortgage v. Bumphus*, 2011-Ohio-4858, ¶ 35-38 (6th Dist.). It follows that a party appearing *after* a default judgment is awarded is not then entitled to notice and a hearing under Civ.R. 55(A).

{¶ 28} In this case, the trial court granted the city's motion for default judgment five days before Irschick's attorney's appearance. In its motion for default judgment, the city properly disclosed, and attached, its correspondence with Oxford House's counsel and stated that in addition to serving the defendant with notice of the motion it sent a copy to the organization's counsel. Nothing in the record suggests counsel for Oxford

11.

House represented or acted on behalf of Irschick. Accordingly, despite service of the complaint and notice of the default judgment motion Irschick failed to appear prior to default judgment being entered against him. Thus, he was not entitled to notice and a hearing under Civ.R. 55(A). Irschick's second assignment of error is not well-taken.

### C. The Civ.R. 60(B) Motion

{¶ 29} In Irschick's third assignment of error, he asserts that the trial court erred by denying his Civ.R. 60(B) motion prior to the due date of his reply. He contends this prevented him from raising issues relating to the city's intervening dismissal of the John and Jane Doe defendants. Specifically, Irschick wished to address his belief that when the Doe defendants were dismissed "it became clear that the tenant defendants, properly or fictitiously named, were already defendants in the case."

{¶ 30} The city asserts that any arguments relating to the default judgment are not properly before this court because Irschick's notice of appeal included only the February 8, 2023 default judgment.

{¶ 31} Before reaching the merits of Irschick's assignment of error, it is necessary address the city's argument that the denial of the Civ.R. 60(B) motion is not before the court because it was not included in the notice of appeal.

{¶ 32} App.R. 3(D) provides that a notice of appeal "shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken." "The notice of appeal shall have attached to it a copy of the judgment or order from which the appeal is taken." 6th

12.

Dist. Loc.App.R. 3(A). This court also requires the filing of a docketing statement. *See* App.R. 3(G); 6th Dist. Loc.App.R. 3(C). Failure to attach either the final judgment entry or the docketing statement may be grounds for dismissal. 6th Dist. Loc.App.R. 3(A), (C).

{¶ 33} Under App.R. 3(A), the only jurisdictional requirement for the filing of a valid appeal is the timely filing of a notice of appeal. When presented with other defects in the notice of appeal, an appellate court is vested with discretion to determine whether sanctions, including dismissal, are warranted, and its decision will not be overturned absent an abuse of discretion. *Transamerica Ins. Co. v. Nolan*, 72 Ohio St. 3d 320, 322 (1995); *Pertuset v. Hull*, 2022-Ohio-2348, ¶ 25-26 (4th Dist.); *Cook v. Smith*, 2012-Ohio-4951, ¶ 7 (10th Dist.); *Hubbard v. Charter One Bank*, 2017-Ohio-1033, ¶ 11 (8th Dist.).

{¶ 34} Acknowledging the need for such discretion the Supreme Court of Ohio reasoned that "the law favors and protects the right of appeal and that a liberal construction of the rules is required in order to promote the objects of the Appellate Procedure Act and to assist the parties in obtaining justice." *Maritime Manufacturers, Inc. v. Hi-Skipper Marina*, 70 Ohio St.2d 257, 258 (1982); s*ee Wolf-Sabatino v. Sabatino*, 2012-Ohio-6232, ¶ 25-26 (10th Dist.); *Beal v. Allen*, 2002-Ohio-4054, ¶ 41-43 (8th Dist.); *Hosfelt v. Miller*, 2000 WL 1741909, *3 (7th Dist. Nov. 22, 2000); *Watkins v. Allstate Vehicle and Property Ins. Co*., 2020-Ohio-3397, fn. 10. The *Maritime* court recognized that rules must be construed in light of the purpose to which they serve. *Id.* at 259. The court stated that the purpose of a notice of appeal is to "'apprise the opposite

13.

party of the taking of an appeal.'" *Id.*, quoting *Capital Loan & Savings Co. v. Biery*, 134 Ohio St. 333, 339 (1938).

{¶ 35} The court in *Eckmeyer ex rel. Eckmeyer v. Kent City School Dist. Bd. of Edn.*, 2000 WL 1651308 (11th Dist. Nov. 3, 2000), addressed its jurisdiction to review two judgment entries that were not attached to the appellants' notice of appeal. Relying on *Maritime* and *Transamerica,* the court held that "the mere fact a party fails to attach every challenged judgment entry entered by a court to his or her notice of appeal does not result in an appellate court lacking jurisdiction to decide issues in those unattached entries. Instead, an appellate court retains the discretion to determine an appropriate sanction, if any." *Id.* at *4. The court found the "th[e] result is particularly appropriate in the instant matter where, although appellants did not attach the two orders to their notice of appeal, they did list the court's failure to grant an evidentiary hearing as a potential issue on the docketing statement." *Id.*

{¶ 36} Similarly, in *Horen v. Summit Homes*, 2004-Ohio-2218 (6th Dist.), this court denied appellee's motion to dismiss appellants' appeal of four judgment entries based upon their omission in the notice of appeal. Denying the motion, this court noted that appellants referred to the judgment entries on the docketing statement under the "probable issues for review" section thus, appellees had notice that appellants intended to appeal those orders. *Id.* at ¶ 19.

{¶ 37} Like *Eckmeyer* and *Horen*, in this case Irschick's notice of appeal stated that he was appealing the trial court's February 9, 2023 judgment entry which he

14.

attached. However, included with his notice of appeal, Irschick's docketing statement lists issues stemming from the trial court's March 8, 2023 judgment denying Irschick's Civ.R. 60(B) motion. Specifically, the "Probable issues for review" section states:

1) Whether the Entry of Default Judgment was a final appealable order before dismissal of the remaining defendants

2) Whether the trial court erred by denying Irschick's Motion for Relief from Judgment

3) Whether the persons living at the subject properties should have been made parties pursuant to R.C 2721.12(A)

4) Whether the trial court erred by denying Irschick's Motion for Relief from Judgment before Irschick could file his reply

5) Whether the trial Court should have granted Irschick's Motion for Reconsideration of the Order Denying his Motion for Relief from Judgment

6) Conflict between Civ.R 55(A) and Denham v. New Carlisle. 86 Ohio St.3d 594, 597, 716 N.E.2d 184 (1999)

{¶ 38} In the present matter the city does not dispute receiving notice of all potential issues on appeal and, thus, was apprised of and briefed the relevant issues. Because the purpose of the notice of appeal was accomplished and, mindful of the law favoring the right of appeal, the trial court's March 8, 2023 denial of Irschick's Civ.R. 60(B) motion will be addressed.

{¶ 39} Irschick argues that the trial court erred by denying his Civ.R. 60(B) motion prior to the expiration of the time for filing his reply.[4] Irschick contends that this prevented him from addressing the city's intervening dismissal of the John and Jane Doe defendants.

{¶ 40} As to the reply, Irschick has not demonstrated prejudice by the trial court's failure to await his reply brief. To be entitled to relief from judgment a party must demonstrate a meritorious claim or defense to present if the court grants relief. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, (1976), paragraph two of the syllabus. Whether the arguments relate to the dismissed defendants or the court's jurisdiction to grant injunctions, Irschick failed to demonstrate entitlement to relief. Irschick's third assignment of error is not well-taken.

### E. Declaratory Judgment

{¶ 41} Related to his Civ.R. 60(B) motion, Irschick's fourth and final assignment of error asserts that the trial court contravened R.C. 2721.12(A) by declaring the rights of less than all the parties affected by the declaration. Irschick's argument is in response to the city's dismissal of the unnamed defendants.

{¶ 42} When a party seeks declaratory relief under R.C. 2721.12(A), "all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding." Determining "'whether a nonparty is a necessary

---

[4]The reply brief was simultaneously filed with his March 9, 2023 motion for reconsideration.

16.

party to a declaratory-judgment action depends upon whether that nonparty has a legally protectable interest in rights that are the subject matter of the action.'" *Ma v. Cincinnati Children's Hosp. Med. Ctr.*, 2020-Ohio-1471, ¶ 36 (1st Dist.), quoting *Rumpke Sanitary Landfill, Inc. v. State*, 2010-Ohio-6037, ¶ 15. "[A] person's practical interest in the outcome of a legal dispute does not necessarily require his or her inclusion in a declaratory judgment action." *Karras v. Karras*, 2017-Ohio-5829, ¶ 26 (2d Dist.), citing *Potts v. Unglaciated Industries, Inc.*, 2016-Ohio-8559, ¶ 50 (7th Dist.). Whether one is a necessary party, however, turns on whether he or she has a legal interest that will be affected by the outcome of the declaratory judgment proceeding. *Williamsburg Assn. v. Robert C. Verbon, Inc.*, 2001 WL 1517855, *3 (6th Dist. Nov. 30, 2001), citing *Driscoll v. Austintown Assoc.*, 42 Ohio St.2d 263, 273 (1975).

{¶ 43} Irschick has presented no evidence that the John or Jane Doe defendants had any legal interest in the properties at issue. According to the city, and not disputed by Irschick, the John and Jane Doe residents had no written leases with the property owners. Because the unnamed defendants were not necessary parties to the action, Irschick's fourth assignment of error is not well-taken.

{¶ 44} In reaching this decision, the court takes no position on the substance or enforcement of the declaratory judgment as it was not specifically challenged on appeal.

## IV. Conclusion

{¶ 45} On consideration whereof, the February 9, 2023 judgment of the Toledo Municipal Court, Housing Division, is affirmed. Pursuant to App.R. 24, Irschick is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Gene A. Zmuda, J.       _____
                   JUDGE
Myron C. Duhart, J.

Charles E. Sulek, P.J.     _____
CONCUR.              JUDGE

             _____
                   JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.