[Cite as *In re M.S.H.*, 2025-Ohio-2932.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

IN THE MATTER OF:

M.S.H., DEPENDENT CHILD

**CASE NO. 2025-L-069**

Civil Appeal from the
Court of Common Pleas,
Juvenile Division

Trial Court No. 2022 DP 00867

---

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: August 18, 2025
Judgment: Appeal dismissed

---

*Mandy J. Gwirtz*, 20050 Lakeshore Boulevard, Euclid, OH 44123 (For Appellant, Cierra Hicks).

*Christopher J. Boeman*, 177 Main Street, Painesville, OH 44077 (For Appellee, Lake County Department of Job & Family Services).

*John W. Shryock*, John Shryock Co., LPA, 30601 Euclid Avenue, Wickliffe, OH 44092 (Guardian ad litem).

*Maureen A. Sweeney*, 11805 Girdled Road, Painesville, OH 44077 (For M.S.H., Dependent Child).

EUGENE A. LUCCI, J.

{¶1} Appellant, Cierra Hicks ("Mother"), appeals from the May 7, 2025 judgment of the Lake County Court of Common Pleas, terminating her parental rights over her daughter, M.S.H. For the reasons discussed below, the appeal is dismissed.

{¶2} Under App.R. 4(A)(1), subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal

required by App.R. 3 within 30 days of that entry. App.R. 4(A)(3) provides: "In a civil case, if the clerk has not completed service of notice of the judgment within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) and 4(A)(2) begin to run on the date when the clerk actually completes service." Juvenile court proceedings are civil actions. *In re Anderson,* 2001-Ohio-131, syllabus.

{¶3}    Civ.R. 58(B) provides:

> When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ. R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App. R. 4(A).

{¶4}    Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the entry within three days of entering the judgment upon the journal. If Civ.R. 58(B) service does not occur within the applicable three-day threshold, the time to appeal does not start to run until service is made and noted on the appearance docket. *Matter of R.N.W.*, 2024-Ohio-1009, ¶ 3.

{¶5}    "Under App.R. 3(A), the only jurisdictional requirement for the filing of a valid appeal is the timely filing of a notice of appeal." *Toledo v. Heron Arizona Fund 1, LLC*, 2024-Ohio-1510, ¶ 33 (6th Dist.) "The timely filing of a notice of appeal under this rule is a jurisdictional prerequisite to our review." *In re Elliott*, 2004-Ohio-2770, ¶ 10 (4th Dist.), citing *Moldovan v. Cuyahoga Cty. Welfare Dept.*, 25 Ohio St.3d 293, 295 (1986). The failure to meet the 30-day deadline is a "jurisdictional defect." *In re H.F.*, 2008-Ohio-6810,

¶ 17. Accordingly, if a party fails to file a notice of appeal within 30 days as required by App.R. 4(A) and the Civ.R. 58(B) requirements are met, an appellate court does not have jurisdiction to consider the appeal. *In re H.F.* at ¶ 17.

{¶6} Moreover, "[t]his court is not empowered to extend the time deadline in civil cases." *Matter of R.N.W.* at ¶ 6. Indeed, the Supreme Court of Ohio has held that "[d]ue process does not require that a parent be afforded the right to file a delayed appeal [pursuant to App.R. 5(A)] from a judgment terminating parental rights." *In re B.C.*, 2014-Ohio-4558, syllabus, ¶ 27

{¶7} In this matter, the underlying judgment was issued on May 7, 2025. The clerk of courts entered notice of the entry on the appearance docket on May 8, 2025. Accordingly, pursuant to Civ.R. 58(B), the time to appeal began to run on May 7, 2025. The deadline to file the notice of appeal was June 6, 2025. The notice of appeal, however, was filed on June 9, 2025. The notice was therefore filed outside the 30-day timeframe.

{¶8} Considering these points, this court issued a show cause order to Mother on June 25, 2025, requesting her to demonstrate why this matter should not be dismissed as untimely. Mother responded, via counsel, acknowledging that the notice of appeal was filed one day late. Other children were subject to the termination proceedings and each of the judgments were issued on May 8, 2025, while the instant judgment was issued on May 7, 2025. Counsel mistakenly believed each of the judgments were entered on the same date. Counsel stated she contacted the Lake County Job and Family Services attorney as well as the attorney for the child. Neither attorney objected to the appeal moving forward. Counsel therefore requested this court to accept the untimely notice of appeal.

Case No. 2025-L-069

{¶9} We are sympathetic with counsel's position and appreciate her accidental oversight. As outlined above, however, this court lacks the authority to extend the time to file a civil appeal. Because the clerk timely served notice of the judgment on the appearance docket, the time to file the notice of appeal began to run on May 7, 2025. We must therefore dismiss the appeal for lack of jurisdiction.

{¶10} Although this appeal must be dismissed for lack of jurisdiction, nothing within that conclusion would preclude Mother from seeking relief under Civ.R. 60 from the trial court. *In re K.S.*, 2003- Ohio-2371 (12th Dist.). The case herein deals with only one of the seven children. The other six cases are pending and properly before this Court. Inexplicably, the judgment here was filed one day before the other six cases, thus leading to the confusion by counsel and our lack of jurisdiction. As in *In re K.S.* this is an "unusual quirk" or perhaps even a clerical error which might be the subject of a motion under Civ.R. 60(A) or 60(B). Id. at ¶ 12. As well stated in *In re K.S.*, ". . . the law favors resolving issues on their merits rather than technicalities. . . ." Id. at ¶ 15, citing *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146 (1976), paragraph three of the syllabus.

MATT LYNCH, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-L-069

# JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that this appeal is hereby dismissed as untimely pursuant to App.R. 4(A)(1).

All pending motions are overruled as moot.

Costs to be taxed against appellant.

---

JUDGE EUGENE A. LUCCI

---

JUDGE MATT LYNCH,
concurs

---

JUDGE SCOTT LYNCH,
concurs

| **THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY** |
| :---: |
| A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure. |

Case No. 2025-L-069